FILED

2024 Apr-25  PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **THOMAS JERMAINE VAUGHN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **7:23-cv-08021-LSC** |
| | ) | **(7:20-cr-00306-LSC)** |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OF OPINION

## I.    Introduction

Before this Court is a motion by Thomas Jermaine Vaughn ("Vaughn" or "Petitioner") to vacate, set aside, or otherwise correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). (Doc. 1.) The United States ("Government") responded in opposition to the motion. (Doc. 10.) For the reasons set forth below, Vaughn's § 2255 motion (doc. 1) is due to be denied and the present action dismissed.

## II.    Background

In September 2020, Vaughn was indicted by a grand jury on one count of felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1). (Cr. Doc.[1]

---

[1] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, *United States v. Vaughn*, No. 7:20-cr-00306-LSC-SGC-1.

16 at 5.) On December 3, 2020, Vaughn entered into a plea agreement and pled guilty to the one count in the indictment. (Cr. Doc. 13.) He was sentenced to 120 months by this Court. (Cr. Doc. 17.)

## III.    Timeliness and Non-Successiveness of Vaughn's § 2255 Motion

This Court entered Vaughn's judgment on April 29, 2021. (Cr. Doc. 17.) He filed a notice of appeal, with the Eleventh Circuit rendering their opinion on July 7, 2022. *See United States v. Vaughn*, No. 21-11732. He then had ninety days to file a writ of certiorari with the Supreme Court of the United States. *See* SUP. CT. R. 13. He did not file a writ of certiorari, so his judgment became final on October 5, 2022, when the time to do so expired. Thus, he had until October 5, 2023, to file his petition to comport with the one-year statute of limitations articulated in 28 U.S.C. § 2255(f). Because he filed his petition in July of 2023, his motion is timely.

Additionally, Vaughn is bringing his first § 2255 motion, so it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

## IV.    Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are limited. A petitioner is entitled to relief under § 2255 if the court imposed a

sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

In litigation stemming from a § 2255 motion, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the [movant's] allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)). However, it is appropriate for the court to conduct an evidentiary hearing if, "accept[ing] all of the [movant's] alleged facts as true," the movant has "allege[d] facts which, if proven, would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Agan v.*

*Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987) and *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

## V.    Discussion

### a.  Ineffective Assistance of Counsel

Vaughn asserts in his § 2255 motion that his counsel provided ineffective assistance by failing to raise concerns about Vaughn's mental health history, and by failing to use binding caselaw in his defense. Because these assertions are meritless, they will be dismissed without an evidentiary hearing.

Claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion and are therefore not subject to a procedural bar for failing to raise them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). An ineffective assistance of counsel claim has two components: first, the petitioner "must show that the counsel's performance was deficient;" second, the petitioner "must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first component, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The second component is satisfied only when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In examining counsel's performance, the Court should be "highly deferential." *Id.* at 689. The Court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* The Court must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*; *see Bell v. Cone*, 535 U.S. 685, 702 (2002) (holding that "tactical decision[s] about which competent lawyers might disagree" do not qualify as objectively unreasonable). A petitioner who seeks to overcome this presumption does not carry his burden by offering bare accusations and complaints, but rather "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The defendant must show "that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

Where a petitioner fails to show that his counsel's performance fell below an objective standard of reasonableness, the court need not address the issue of prejudice. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000). Where the court does consider this prong, the petitioner must show that counsel's errors were prejudicial and "deprive[d] the defendant of a fair trial, a trial

whose result is reliable." *Strickland*, 466 U.S. at 687. This burden is met by establishing by a reasonable probability that the outcome of the proceeding would have been different but for counsel's errors. *Williams v. Threatt*, 529 U.S. 362, 391–93 (2000); *Strickland*, 466 U.S. at 691.

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91.

> ### i.  Vaughn's ineffective assistance of counsel claims are conclusory.

Each of Vaughn's allegations claiming ineffective assistance of counsel are conclusory and include no facts or reasoning as to why they constitute an ineffective assistance of counsel. "Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (internal citations omitted). "A petitioner is *not* entitled to an evidentiary hearing...'when his claims are merely "conclusory allegations unsupported by specifics."'" *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). Additionally, for motions pursuant to § 2255, the petitioner is required to "state

the facts supporting each ground." Rule 2(b)(2), Rules Governing Section 2255 Proceedings (2022).

In the section of Vaughn's § 2255 motion designated to list specific facts to support his claim, Vaughn states only that "Counsel fail[ed] to investigate mental health history[,] ask for evaluation and call in doctor at sentencing," and "Counsel also fail[ed] to apply *Bruen* and *Rehaif* case[s]." (Doc. 1 at 3) (emphasis added). These statements are vague and do not provide any specific facts as to why his counsel was deficient based upon these allegations. Because the Court finds these allegations by Vaughn are conclusory, they are due to be dismissed without an evidentiary hearing. *See Tejada*, 941 F.2d at 1559.

### ii. Vaughn's ineffective assistance of counsel claims regarding his mental health are without merit.

Even if Vaughn's claims were not conclusory, they are also without merit. Vaughn claims that he received ineffective assistance of counsel because his attorney failed to investigate his history of mental health concerns and failed to call a doctor as an expert witness.

Vaughn has provided no reason to believe that his attorney's performance was deficient, as required by the *Strickland* standard. In his affidavit, Vaughn's attorney, Kevin Roberts ("Mr. Roberts"), lists numerous steps he took to understand Vaughn's mental health history. During their first

meeting, Vaughn allegedly informed Mr. Roberts of his paranoid schizophrenia diagnosis, and that he was "experiencing symptoms of depression, had suicidal thoughts, but was not hearing voices." (Doc. 10-1 at 2.) Following that meeting, Mr. Roberts contacted Vaughn's mother to obtain further information on Vaughn's mental health history and a list of his prior treatment facilities. (*Id.*) Mr. Roberts then received treatment records from Indian Rivers Behavioral Health Center, which informed him of Vaughn's history of schizophrenia and non-compliance with treatment. (*Id.* at 3.) Over the following months, Mr. Roberts stated that Vaughn reported that he was being medicated for his mental health issues, "had not had suicidal thoughts for ten years," and experienced no symptoms besides having nightmares. (*Id.* at 2-3.) Additionally, Mr. Roberts filed a sentencing memorandum prior to sentencing that included details on Vaughn's mental health concerns. (Cr. Doc. 15.) At the sentencing hearing, Mr. Roberts once again reiterated to this Court all of his concerns regarding Vaughn's mental health. (Cr. Doc. 27 at 4-5.) Based on the affidavit[2], sentencing memorandum, and Mr. Roberts' remarks at sentencing, the Court

---

[2] Although "contested fact issues may not be decided on affidavits alone . . . . Where the affidavits are supported by other evidence in the record[,] the court may rely upon them." *Owens v US*, 551 F.2d 1053, 1053 (5th Cir. 1977) (citing *James v. Smith*, 465 F.2d 397 (5th Cir. 1972)).

finds no reason to believe that Mr. Roberts was deficient in investigating Vaughn's mental health history. *See Strickland*, 466 U.S. at 689.

Further, even if Mr. Roberts was deficient in investigating Vaughn's mental health history, Vaughn suffered no prejudice as a result of the deficiency. The Pretrial Sentencing Report ("PSR") shows that this Court was fully aware of Vaughn's long history of mental health concerns, including his diagnoses of schizophrenia and depression, along with his several suicide attempts. (Cr. Doc. 16 at 20-21.) Vaughn provides no information that the court was unaware of, thus, there is no proof that Vaughn suffered prejudice from a lack of evidence raised by his attorney.[3]

Regarding Vaughn's claim that Mr. Roberts failed to provide a doctor as an expert witness at his sentencing hearing, there is no proof in the record that an expert witness would have raised evidence that was not already before this Court. The court should seldom second guess an attorney's decision to call a witness or not. *Waters v. Thomas,* 46 F.3d 1506, 1512 (11th Cir. 1995).

---

[3] Vaughn also seems to indicate that his attorney should have ordered a mental evaluation for him. (Doc. 1 at 3.) "[C]ounsel is not required to seek an independent evaluation when the defendant does not display strong evidence of mental problems." *Holladay v. Haley*, 209 F.3d 1243, 1250 (11th Cir. 2000) (citing *Bertolotti v. Duggar*, 883 F.2d 1503, 1511 (11th Cir. 1989)). Thus, because the Court was made aware of Vaughn's history with mental health and his symptoms seemed to be under control, there is no reason another evaluation needed to occur. Further, there is no indication it would have made any difference in the outcome of this case.

Considering the deference given to an attorney's decision to call upon a witness along with the inclusive mental health history report received by this Court in the PSR, Vaughn's claim that his counsel was deficient by not calling an expert witness is meritless.

> ### iii. Vaughn's ineffective assistance of counsel claim that his attorney failed to assert binding caselaw is without merit.

Vaughn also asserts that his attorney provided ineffective assistance by failing to use *New York Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022), and *Rehaif v. United States*, 588 U.S. --, 139 S. Ct. 2191 (2019) in crafting his defense. This claim is also without merit.

Regardless of the legal substance in the *Bruen* ruling, failing to include *Bruen* in the defense of Vaughn cannot constitute deficient performance because the Supreme Court did not rule on *Bruen* for over a year after Vaughn was sentenced.[4] "To be effective within the bounds set by *Strickland,* an attorney need not anticipate changes in the law." *Jackson v. Herring*, 42 F.3d 1350 (11th Cir. 1995). Because Vaughn's attorney was not required to or expected to anticipate potential changes in the law, not asserting *Bruen* does not render his counsel deficient.

---

[4] Vaughn was sentenced on April 29, 2021, and *Bruen* was not decided until June 23, 2022.

In *Rehaif v. United States,* the Supreme Court held that to be found guilty under 18 U.S.C. § 922(g)(1), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Vaughn admits he knew that he was in possession of a firearm but alleges that he "did not know he could not carry [a firearm] while being a felon." (Doc. 1 at 7.) Even if it is true that Vaughn was not aware that it was illegal for him to possess a firearm as a felon, such knowledge is not required for a § 922(g) conviction. *Rehaif* only requires knowledge of possession and knowledge of felon status.

At multiple points in time, Vaughn admitted that he had knowledge of his status as a felon. During his arrest, Vaughn informed the arresting officer that he was a convicted felon. (Cr. Doc. 16 at 6.) Additionally, Vaughn's plea agreement notes that "Vaughn knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year prior to the instant offense." (Cr. Doc. 13 at 4.) Because Vaughn admitted to this element of the crime on numerous occasions, not using *Rehaif* as part of a defense cannot be viewed as ineffective assistance of counsel because any argument raised by Mr. Roberts pursuant to *Rehaif* would have been futile under the circumstances.

## b.  Constitutionality of 18 U.S.C. § 922(g)

In his motion, Vaughn also claims that 18 U.S.C. § 922(g) is unconstitutional after the Supreme Court's ruling in *New York Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022), but such an interpretation of the *Bruen* ruling is incorrect. *Bruen*'s holding that the Second and Fourteenth Amendments protect an individual's right to carry a handgun outside the home for self-defense is only applicable to law-abiding citizens. *Bruen*, 142 S. Ct. at 2122. Because of Vaughn's status as a convicted felon, *Bruen*'s holding has no effect on Vaughn's § 922(g) charge. Thus, this circuit's ruling in *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010), stating that "§ 922(g)(1) is a constitutional restriction on [a defendant's] Second Amendment right" applies to the present motion, and no relief is available for Vaughn pursuant to this claim.

### c. Elements of 18 U.S.C. § 922(g)(1)

Vaughn's third argument claims that he should not have been convicted under 18 U.S.C. § 922(g)(1) because he was not aware that he was barred from possessing a firearm while being a convicted felon, and because the firearm he possessed was nonfunctioning. (Doc. 1 at 6.) First, Vaughn is not entitled to relief on this claim because this argument could have and should have been raised on direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir.

2004) (stating that collateral review is not a substitute for direct appeal). Second, this claim is entitled to no relief based on the merits of the argument.

To convict on a felon in possession of a firearm charge, the government need only prove that a defendant knowingly possessed a firearm that has traveled in interstate commerce, was convicted of a felony offense, and knew of their status as a convicted felon. 18 U.S.C. § 922(g)(1); *United States v. Price*, 828 F. Appx. 573, 575-76 (11th Cir. 2020). As previously discussed, there is no requirement that the defendant must know that their status as a felon makes it a crime to possess a firearm.[5] Similarly, there is no requirement that the firearm be readily operable for conviction under § 922(g)(1). *United States v. Adams*, 137 F.3d 1298, 1300 (11th Cir. 1998) ("Nothing in…§ 922(g)(1)… requires the government to show that the unlawfully possessed firearm is operable."). The statute simply requires possession of a "firearm," which means "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; [or] (B) the frame or receiver of any such weapon." 18 U.S.C. § 921(a)(3). Although Vaughn argues

---

[5] Vaughn also asserts a fourth ground in his motion that stated his lawyer did not explain to him that his rights to possess a firearm were taken away due to his felon status. (Doc. 1 at 9.) However, the Court cannot offer any relief here because by the time this case was before this Court, Vaughn had already committed the criminal conduct in this case. Thus, Mr. Roberts could not have warned him or informed him about something that had already occurred. Therefore, the Court will not address this further.

that his firearm was inoperable at the time of arrest, it could regularly function as soon as the necessary parts were inserted—a process that took less than twenty minutes according to a firearms enforcement officer. (Doc. 13 at 4.)

Vaughn acknowledged that he knowingly possessed a firearm that traveled in interstate commerce, that the firearm he possessed at the time of arrest was a firearm within the statutory definition, and that he was aware of his status as a convicted felon in his plea agreement. (Doc. 13 at 2-4.) Because this argument is not suited for a § 2255 motion, and even if it were, it is without merit, no relief can be granted on this claim.

## VI.   Conclusion

For the foregoing reasons, Vaughn's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional debatable and wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000), or that "the issues presented were adequate to deserve to proceed further." *Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations omitted).* This Court finds that Vaughn's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on April 25, 2024.

_____
L. Scott Coogler
United States District Judge

215708